IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICIA A. WARMACK,

Plaintiff,

v.                                              No. 16-0587-DRH

QUALITY PACKING SERVICES, INC.,
HEATHER CREEK, CHRIS ZIACOLA,
TAMARA POWELL,[1]


Defendants.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction and Background

Pending before the Court is defendants' motion to dismiss (Doc. 11). Defendants move to dismiss the complaint for failure to exhaust administrative remedies regarding the claims under the American with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*, ("ADA"); for failure to state a claim and alternatively to dismiss the claims against defendants Creek, Zinicola and Powell as they are not liable under the ADA. Plaintiff opposes the motion. Based on the following, the Court GRANTS in part and DENIES in part the motion to dismiss.

On May 27, 2016, Patricia A. Warmack filed a complaint pursuant to the ADA for disparate impact, failure to accommodate and retaliation against her former

---

1 Defendants note that Chris Zinicola and Tammera Powell are incorrectly named in the complaint. The Court will use the correct names in this Memorandum and Order.

employer Quality Packaging Services, Inc., Heather Creek, Chris Zinicola, and Tammera Powell. The complaint alleges that Warmack worked for Quality Packaging from December 2009 to November 2014 as a production supervisor. She contends that around April 2014 she was forced to switch from hourly pay to salary and that from June 2014 to October 2014, Warmack worked between 75-80 hours per week. In October 2014, Warmack was placed on sick leave by her doctor due to rapid weight loss, fatigue and severe anxiety. Prior to the sick leave, Warmack claims that defendants refused to allow her to leave work to have blood work testing performed and refused to accommodate her. Upon returning from sick leave in November 2014, Warmack asserts that she learned from another employee, Ladebra Simpson, that defendants offered Simpson Warmack's job. Warmack informed defendant Creek that she believed that she was not being treated fairly since returning from sick leave and it was because she took sick leave. Warmack alleges that on November 11, 2014 she was terminated from her employment and that her termination was pretextual, discriminatory and retaliatory as she was discharged seven days after returning from a 33-day medical leave.

## Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed.R.Civ.P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all

reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

First, the Court addresses defendants' arguments as to the claims against Creek, Zinicola and Powell. Defendants argue that the individual defendants should be dismissed from this action because there is no individual liability under the ADA. *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281-82 (7th Cir. 1995) ("individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA."); *See Silk v. City of Chi.*, 194 F.3d 788, 797 (7th Cir.1999) ("[T]he ADA provides only for employer, not individual, liability. Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA.") Warmack does not address this argument in her motion to dismiss. Thus, the Court finds that dismissal is proper as to these three individual defendants. The Court **DISMISSES with prejudice**

defendants Creek, Zinicola and Powell.

Next, the Court address whether Warmack exhausted her administrative remedies as to her ADA claims. Defendants maintain that Warmack's EEOC Charge only seeks relief under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA) and not the ADA, thus, according to defendants Warmack failed to exhaust her administrative remedies as to the allegations contained in her complaint. Warmack responds that her September 3, 2015 written charge of employment discrimination and retaliation letter to the EEOC closely resembles the incidents and actions that are included in her ADA complaint.

A federal employment discrimination plaintiff generally is limited to pursuing the claims he made before the EEOC. *Teal v. Potter,* 559 F.3d 687, 691 (7th Cir. 2009), *citing Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). "The purpose of this requirement is two-fold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Teal,* 559 F.3d at 691. However, in addition to those claims which were included in a discrimination charge with the EEOC, plaintiffs may also litigate claims which are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Teal,* 559 F.3d at 691–92, *quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976). In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals.*" *Cheek,* 31 F.3d at

501 (emphasis in original); *see also Moore v. Vital Prods., Inc.,* 641 F.3d 253, 257 (7th Cir. 2011). This standard is a liberal one and "is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal,* 559 F.3d at 692. Further, plaintiffs who filed their EEOC charges *pro se* are entitled to have those charges liberally construed. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976)(en banc), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.22d 598 (1976).

On September 3, 2015, Warmack, *pro se*, wrote a letter entitled "**CHARGE OF EMPLOYMENT DISCRIMINATION AND RETALIATION**" to the EEOC office in St. Louis, Missouri (Doc. 11-1, p. 2). The letter/charge reads:

> Description of Events: I was terminated on November 11, 2014. I believe I was terminated due to my age (58 Years old) and health condition. Additionally, I believe the termination was partial retaliation for my complaining of the required long work hours causing my health condition. From approximately June 2014 – October 2014, I was forced to work 75-80 hours per week to keep my employment. On October 1, 2014, I went on medical leave under the advice of my physician because of extreme weight loss, fatigue, stress and anxiety. I returned to work on November 3, 2014 and was met with indifference and treated very poorly. When I asked to be updated on changes that had occurred within the plant regarding policy and procedure, I was ignored. On November 7, 2014, I complained to the HR department that I was not being treated fairly and informed of the recent policy and procedure changes since returning from my medical leave. At that time, I informed HR that I felt as though I was being treated harshly because I took 33 days of medical leave and because I complained about the long working hours. To the best of my knowledge, I was the oldest person at the plant in my particular job position. I was

      terminated 4 days following my meeting with HR, on November 11, 2014.

Thereafter, on September 10, 2015, Dana M. Engelhardt, enforcement manager and EEOC representative with the EEOC Office in St. Louis, Missouri, issued a Notice of Charge of Discrimination on behalf of Warmack to the Manager/Human Resources at Quality Packaging Services, EEOC Charge No. 560-2015-1930 (Doc. 11-1, p. 1). This Notice states that "a charge of discrimination has been filed against your organization under The Age Discrimination in Employment (ADEA)." (Doc. 11-1, p.1). Also, the Notice is signed by Ms. Englehardt, the "Enclosure(s)" box is checked and states "Copy of Charge;" and the section under "Circumstances of Alleged Discrimination" the "Age" box is checked and states "**See enclosed copy of charge of discrimination.**" (Doc. 11, p. 1). What is clear to the Court is that the individual claimant, plaintiff here Ms. Warmack, stated her claim in great detail to the EEOC which, in turn and in the person of Ms. Englehardt, committed those charges to its form before forwarding them to the employer.

      Here, liberally construing the *pro se* EEOC charge as the Court must, the Court finds that Warmack did exhaust her administrative remedies as to her ADA claims. Her letter/charge references that she was terminated because of her age *and* her health condition. The allegations in Warmack's *pro se* EEOC charge closely resemble the incidents and actions contained in her ADA complaint, which naturally contains more details. In fact, the allegations of both her *pro se* EEOC charge and the ADA complaint arise out of the same incidents/conduct and took

place during the same time frame. To the extent the defendant finds a deficiency in the form, the Court finds that deficiency to be an EEOC clerical error but not an exhaustion deficiency on the part of Ms. Warmack. The Court is satisfied that there is a reasonable relationship between the allegations in the *pro se* EEOC charge and those in the complaint and that the ADA claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation. Thus, the Court denies the motion to dismiss for failure to exhaust administrative remedies.

Lastly, the Court address defendants' argument that Warmack failed to state a claim upon which relief can be granted. Specifically, defendants argue that Warmack fails to identify her disability and that the conditions she alleged in her complaint are medical conditions that do not constitute disabilities under the ADA. Warmack responds that she has stated a valid cause of action under the ADA.

Being disabled within the ADA's statutory definition is a prerequisite to both discrimination and failure to accommodate under the ADA. *See Gogos v. AMS Mech Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). A person is disabled under the ADA if that person has "a physical or mental impairment that substantially limits one or more major life activities," "a record of such impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(1). As the Seventh Circuit noted:

> Under the 2008 amendments, a person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is "transitory and minor" (defined as lasting six

> months or less). *See id.* § 12102(3)(B) (Only paragraph (1)(C) of the definition of disability "shall not apply to impairments that are transitory and minor."); 29 C.F.R. § 1630.2(j)(1)(ix). Likewise, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

*Gogos*, 737 F.3d at 1173.

While defendant is correct that Warmack has not identified her disability, the Court finds at this stage in the litigation that Warmack has alleged sufficient factual allegations as to disability within the meaning of the ADA. She alleges: "Plaintiff was severely ill and unable to report from work from approximately October 1, 2014 until November 3, 2014. Plaintiff experienced difficulty with major life activities including eating, sleeping, walking, working, and caring for herself; plaintiff was disabled as that term is used in the ADA; plaintiff had disabling impairments and was considered at relevant times by defendants to be disabled and suffering from significant impairments in many areas of major life activities." (Doc. 1, ¶ 11).

Likewise, the Court finds that at this stage of the litigation Warmack has stated a cause of action for retaliation under the ADA. To state a claim for retaliation under the ADA, a plaintiff must allege: (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the employer's action. *See Cloe v. City of Indianapolis*, 712 F.3d 1171, 1180 (7th Cir. 2013). The ADA prohibits retaliation without regard to whether the plaintiff is actually disabled

under the ADA.  *See Cassiny v. Bd. of Educ. of the Rockford Pub. Sch. # 205*, 461 F.3d 932, 938 (7th Cir. 2006).

Drawing all reasonable inferences in Warmack's favor, the Court finds that Warmack has sufficiently alleged a causal relationship between the protected activity and the adverse employment action.  Warmack alleges that she was terminated Warmack seven days after she returned from medical leave and four days after she made a complaint to Creek that she believed she was not being treated fairly since returning from medical leave, that recent policy changes were being withheld from her and that she felt defendants' behavior towards her was in direct retaliation for being out on seek leave and her previous complaints about excessive hours.  These allegations are sufficient to survive a motion to dismiss. *See Smith v. EMB, Inc.*, 576 Fed.Appx. 618, 820 (7th Cir. 2014)(to plead retaliation plaintiff need "allege only that she was subject to an adverse employment action after she engaged in a specifically identified protected activity")(emphasis omitted). While temporal proximity is "unlikely, standing alone, to establish the causation element of a retaliation claim," *see Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014), suspicious timing may be sufficient to raise an inference of discrimination when the adverse employment action comes "on the heels" of the protected activity.  *See Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008)(citing *McClendon v. Ind. Sugars*, 108 F.3d 789, 796 (7th Cir. 1997)(two to three day period separating protected act and adverse employment action supported inference of retaliation).  The Court leaves Warmack to her proof of

causation. Thus, the Court **DENIES** defendants' motion as to that issue.

## Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' motion to dismiss (Doc. 11). The Court grants the motion based on defendants' arguments regarding the individual defendants and **DISMISSES with prejudice** Heather Creek, Chris Zinicola and Tammera Powell as defendants in the case. The Court **DENIES** the motion as to defendants' arguments regarding failure to exhaust and failure to state a claim.

**IT IS SO ORDERED.**

Signed this 26th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.26 10:28:21 -05'00'

**United States District Judge**